UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ambrose Pierre Young,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Warden Dunlap; Major Roberts; C. Watlington,<br>*Property Control Officer*,<br><br>　　　　　　　Defendants. | ) C/A No. 9:15-1345-JMC-BM<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



The Plaintiff, Ambrose Pierre Young, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Tyger River Correctional Institution, part of the South Carolina Department of Corrections (SCDC). Plaintiff's allegations concern actions taken by SCDC employees while he was an inmate at the Walden Correctional Institution (WCI), also part of the SCDC.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a

pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff states that he was transferred from WCI on May 2, 2013, and that when he left his living area he had all his personal items packed and that he gave his locker key to an officer so those items could be retrieved. However, Plaintiff asserts he later saw clear trash bags filled with his personal items, which he believes were thrown away or destroyed. Plaintiff alleges that the conduct of officers at WCI violated his due process rights because his property was seized by WCI officers and destroyed without providing him with notice of the seizure and without allowing him to donate his property or send it home to his family. He also appears to allege that the Defendants' actions violated certain SCDC policies. Plaintiff asserts that his missing property includes his "Spring Package," books, a book he was writing, and items purchased from the canteen (food and personal hygiene items). Plaintiff requests monetary damages.

Initially, to the extent Plaintiff claims that the Defendants negligently or negligently allowed others to deprive him of his personal property, Plaintiff fails to state a cognizable claim of

2

a constitutional violation. It is well settled that the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of property. See Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir.1995). Thus, to the extent that Plaintiff is complaining of negligent conduct by the Defendants, he fails to set forth a viable claim under § 1983. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200–03 (1989)["[t]he Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation"].

Additionally, Plaintiff also fails to state a cognizable claim of a constitutional violation by the Defendants to the extent he alleges he was deprived of his personal property by an unauthorized intentional act or acts. A deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy is available, and in South Carolina prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C.Code Ann. § 15–69–10 et seq.). This remedy provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)); see also Hudson v. Palmer, 468 U.S. 517, 533 (1984); Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008) [concerning the intentional taking of guns and ammunition from the plaintiff]; Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005)[finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals].

Plaintiff also alleges that the Defendants failed to follow SCDC prison procedures and policies whey they allegedly seized and disposed of his property. However, even if by their

3

conduct the Defendants did violate SCDC procedures and policies, that would not in and of itself be a compensable claim assertable under § 1983. Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]; see also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrs., No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 7, 2015
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

